UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMAR LEWIS,<br><br>        Defendant. | 18 CR-215 |

FILED
JUL 01 2019
JUDGE ELAINE E. BUCKLO
UNITED STATES DISTRICT COURT

## PETITION TO ENTER A PLEA OF GUILTY

Defendant, **JAMAR LEWIS**, individually and by counsel, **FRANK J. HIMEL**, petitions the court for leave to withdraw the previously entered plea of not guilty, and enter a plea of guilty.

The defendant represents to the court as follows:

1. I am petitioning the court to accept my plea of guilty to each count contained in the indictment in this case.

2. My full name is Jamar Lewis.

3. I was born in Chicago, Illinois.

4. My date of birth is 5-30-82.

5. I received a GED at Illinois River Correctional Center.

6. I can read and write in English.

7. I have received a copy of the indictment. My attorney has read it to me. I have discussed the indictment with my attorney and I believe I understand the charges brought against me in this case.

8. I desire to plead guilty to the indictment because I am guilty of the charges. In pleading guilty, I admit the following facts, and that these facts establish my guilt beyond a reasonable doubt: ~~From approximately September 3, 2017, until September 9, 2017, I did conspire with Latoya Mayfield and others to possess with intent to distribute narcotics.~~ FH JL

Specifically, on or about September 9, 2017, I did knowingly and intentionally distribute a controlled substance, namely, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance; and a quantity of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-1 [1-(2-phenylethyl)-4-piperindinyl] propanamide), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

On September 8, 2017, at approximately 12:37 p.m., McCullough ordered 1.2 kilograms of heroin by sending two texts that read, "whole one," and "and 200." At approximately 3:02 p.m., I called McCullough and agreed to meet him the following day to sell him the 1.2 kilograms of heroin.

On September 9, 2017, at approximately 12:35 p.m., I spoke to McCullough on the phone and we agreed to meet at Rosenblum Park at approximately 7547 South Euclid Avenue in Chicago, Illinois.

2

That same day, at approximately 1:22 p.m., I called McCullough and told him that I would provide him with the heroin in approximately half an hour

That same day, at approximately 2:50 p.m., McCullough called me and told me that he had arrived at Rosenblum Park. I met McCullough in the parking lot and gave him 1,188.5 grams of heroin and he gave me a backpack containing money for the heroin.

9. I understand that the charge [FH JL] to which I am pleading guilty to carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 10 years. Pursuant to Title 18, United States Code, Section 3561, probation is not available for ~~either~~ this [FH JL] offense. ~~These~~ This is [FH JL] offense [FH JL] also carry a maximum fine of $10,000,000 ~~each~~ [FH JL]. I further understand that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

10. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each charge to which I have pled guilty, in addition to any other penalty imposed.

11. I understand that I may have to pay a fine.

12. I understand that I have the right to be represented by an attorney at every stage of this legal proceeding and if I am financially unable to hire an attorney one will be appointed to represent me.

13. I understand that I have a right to plead not guilty, or to persist in a not guilty plea already made, and that if I choose to plead not guilty

3

the Constitution guarantees me the following rights which I acknowledge I am waiving by pleading guilty;

(a) the right to a speedy and public trial by a jury; or, if both parties and the Court agree, a trial by the judge sitting without a jury;

(b) if the trial is by jury, the right to have some say in who would be selected as jurors by exercising "cause" challenges for jurors who have an actual bias or other disqualifying reason, or by exercising "peremptory challenges" even where no actual bias is shown;

(c) the right to confront and cross-examine adverse witnesses;

(d) the right to use the power and the process of the court to compel the production of any evidence, including the attendance of any witnesses in my favor, at my trial;

(e) the right to the assistance of counsel at every stage of the proceedings, including an appeal if need be;

(f) the right to remain silent, including a right not to be compelled to testify at my trial, including the right to have the jury instructed that my silence could not be held against me;

(g) the right to testify in my own defense at the trial if I so choose; and

(h) a right to appeal my conviction and my sentence to a higher Court even if I am financially unable to pay the cost of an appeal.

14. I understand that while I cannot appeal my conviction if I plead guilty, I can appeal my sentence.

15. I understand that if my plea of guilty is accepted by the Court there will not be a further trial of any kind and that by pleading guilty I waive the right to a trial.

16. My attorney has discussed the advisory sentencing guidelines with me and I understand that the Court must calculate the guidelines, consider them in determining a reasonable sentence, but that the Court is not required to impose a

guideline sentence. Rather, it is my understanding that the Court will impose a sentence consistent with the factors set forth in 18 U.S.C. §3553 (a).

17. I declare that I offer my plea of guilty freely and voluntarily and of my own accord. No promises or threats have been made to me to induce me to enter a plea of guilty.

18. I have reviewed this Petition to enter a Plea of Guilty with my attorney, Frank Himel.

19. **Forfeiture**

   a. I understand that by pleading guilty, I will be subject to forfeiture to the United States all right, title, and interest that I have in any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense.

   b. I agree to the entry of a personal money judgment in the amount of $180,000, which represents the total amount of proceeds traceable to the offense. I consent to the immediate entry of a preliminary order of forfeiture setting forth the amount of the personal money judgment I will be ordered to pay.

   c. I admit that because the directly forfeitable property is no longer available for forfeiture as described in Title 21, United States Code, Section 853(p)(1), the United States is entitled to seek forfeiture of any other property of defendant, up to the value of the personal money judgment, as substitute assets pursuant to Title 21, United States Code, Section 853(p)(2).

5

d.  I acknowledge that on or about April 13, 2018, administrative forfeiture proceedings were commenced against certain property, including $70,977 in cash, a 10-karat yellow gold lions head medal framed in diamonds; a 10-karat white gold diamond cross on 14-karat white gold beaded necklace; a 14-karat yellow gold Rolex diamond bracelet; and a 14-karat yellow gold diamond cluster ring. By signing this plea agreement, I acknowledge that I had notice of the administrative forfeiture proceeding, relinquish any right, title, and interest I may have had in this property, withdraw any previously filed claims, and understand that an administrative decree of forfeiture has been entered, or will be entered, thereby extinguishing any claim I may have had in the seized property.

e.  I understand that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon me in addition to the forfeiture judgment.

f.  I agree to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds,

including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel. I further agree not to challenge or seek review of the civil or administrative forfeiture of any property identified in this agreement subject to forfeiture, and will not assist any third party with regard to such challenge or review.

Dated  6-29-19

_____
JAMAR LEWIS,
Defendant

_____
FRANK J. HIMEL,
Attorney for Defendant