```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| v. | ) No. 18-cr-215-1 |
| | ) |
| | ) |
| Jamar Lewis, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## Order

This is Defendant Jamar Lewis's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He sought compassionate release in 2020 due to the COVID-19 pandemic, ECF No. 188, but I denied his request on the grounds that he did not have any medical condition that would put him at increased risk of harm from the virus, ECF No. 189. Mr. Lewis now renews his request for compassionate release on COVID-19 grounds, but he also asserts that he should be released in order to care for his mother, who has "progressive health issues." ECF No. 211 at 2. Mr. Lewis's motion [211] is denied as set forth below.

18 U.S.C. § 3582(c) provides:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission .

. . .

I turn first to the question of exhaustion. The government concedes that more than 30 days have elapsed since Mr. Lewis requested compassionate release from his warden. *See* ECF No. 213 at 11-12. Mr. Lewis's communications with the warden, however, sought compassionate release only on the basis of the COVID-19

pandemic, and failed to mention his mother's health. *See* ECF No. 213-1; ECF No. 211 at 4-7. As a result, the government argues that Mr. Lewis exhausted his administrative remedies only with respect to the request for release on COVID-19 grounds, and not with respect to the request premised on his mother's health issues. ECF No. 213 at 11-12.

I agree. "[A]n inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). "[A]ny contrary approach would undermine the purpose of exhaustion" under the statute: "to provide the Bureau with the information necessary to move for release on a defendant's behalf." *Id.* Moreover, the exhaustion defense "is a mandatory claim-processing rule and therefore must be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 780 (7th Cir. 2021). Because Mr. Lewis did not exhaust his administrative remedies with respect to the aspect of his request premised on his need to care for his mother, that portion of the motion is denied without prejudice.

Turning to the other ground, Mr. Lewis argues that the COVID-19 pandemic presents an extraordinary and compelling reason for his release. But just as in his previous motion, Mr. Lewis does not identify any medical condition that puts him at increased risk should he contract the virus. Nor are any apparent from his

3

medical records. *See* ECF No. 214. Moreover, Mr. Lewis is fully vaccinated against COVID-19. *Id.* at 44. Because safe and effective COVID-19 vaccines are now available, "for the vast majority of prisoners, . . . it [is] impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *see also United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (it would be an abuse of discretion for judge to find an extraordinary and compelling reason for release where prisoner with access to vaccines argued that medical conditions put him at increased risk of harm from COVID-19). Mr. Lewis has failed to establish that the COVID-19 pandemic presents an extraordinary and compelling reason for his release from prison.

For the foregoing reasons, Mr. Lewis's motion for compassionate release [211] is denied.

                                                  **ENTER ORDER:**

                                                  **Elaine E. Bucklo**
                                                  United States District Judge

Dated: April 5, 2022